**FILED**
**JULY 9, 2026**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

|  |  |  |
|---|---|---|
| In the Matter of the Marriage of: | ) | |
| | ) | No.  41215-6-III |
| LORI LEE ANN YOUNG, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| SEAN RICHARD YOUNG, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

COONEY, A.C.J. — Lori Young petitioned to dissolve her marriage to Sean Young.[1]  Thereafter, the court found Sean in contempt on three separate occasions due to his failure to comply with its "Automatic Temporary Restraining Order" (ATRO) and contempt and discovery orders.  Clerk's Papers (CP) at 86.  The court ultimately ordered incarceration for Sean pending his compliance with its orders.

---

[1] We use first names where individuals share a last name.  No disrespect is intended.

Sean appeals the court's "Order Imposing Jail Time," (CP at 71) arguing: (1) the court's discovery orders were void for lack of jurisdiction; (2) the contempt orders were invalid and an abuse of discretion; (3) his due process rights were violated; and (4) the court abused its discretion in denying his motion to vacate without meaningful consideration. Because Sean did not timely appeal the contempt orders, discovery orders, and the order denying his motion to vacate, we decline to review the claimed errors related to those orders. Further, we dismiss Sean's appeal of the Order Imposing Jail Time as the issue is moot. Lastly, we deny Lori's request for attorney fees.

BACKGROUND

Sean and Lori married on July 20, 2008. Lori filed a petition to dissolve the marriage on April 18, 2024. The court entered an ATRO upon the filing of Lori's petition. The ATRO "restrained [the parties] from transferring, removing, encumbering, concealing, damaging or in any way disposing of any property," required the parties "have access to all tax, financial, legal, and household records," and ordered both parties' "[r]easonable access to records . . . not be denied without order of the court." CP at 86.

On November 7, 2024, Lori filed a motion for contempt and a motion to compel discovery. Lori claimed the parties' "Visa Citi Card for Costco," "PENNYMAC Mortgage company," and "BREA (Benton Rural Electric Association)" accounts each had specific passwords that she used during the marriage, and she could not determine the community's liabilities without the passwords. CP at 103.

2

On December 3, 2024, the court found Sean in contempt for failing to comply with the ATRO by changing the passwords on the parties' accounts and "fail[ing] to provide [Lori] with the passwords." CP at 7. The court also granted Lori's motion to compel discovery and ordered Sean to "produce, in proper discovery form, all incomplete discovery responses as noted in the declaration." CP at 110. Sean filed a motion to vacate the December 3 orders. Sean also moved the court to vacate its ATRO during the hearing on his motion. The court denied his motions.

On December 24, 2024, a hearing was held to review Sean's compliance with the court's ATRO and contempt order. At the hearing, the court found Sean in contempt for a second time for changing the passwords on the parties' accounts and failing to disclose the passwords to Lori.

On March 19, 2025, the court found Sean in contempt for a third time based on his failure to comply with its orders. The court imposed a sanction of $25 per day for Sean's failure to provide Lori with current passwords to their accounts and an additional sanction of $25 per day for Sean's failure to provide Lori with discovery materials.

On April 2, 2025, the court entered an Order Imposing Jail Time against Sean based on his failure to comply with the December 24 and March 19 orders. Sean was "immediately taken into custody" where he was ordered to either remain for 30 days or provide the passwords to Lori. CP at 71. The court released Sean from the Benton County Jail on April 23 and again ordered him to disclose the passwords.

Sean filed this appeal on April 28, 2025, designating the Order Imposing Jail Time for our review.

ANALYSIS

Sean contends that the trial court erred by enforcing its discovery and contempt orders, violating his due process rights, and denying his motion to vacate the contempt orders. We decline review of these claimed errors because Sean failed to timely appeal these orders. Further, we dismiss Sean's appeal of the Order Imposing Jail Time because the issue is moot.

Generally, a notice of appeal must be filed within 30 days of entry of the decision being appealed. RAP 5.2(a). The notice of appeal must "designate the decision or part of decision which the party wants reviewed," among other requirements. RAP 5.3(a)(3). Nevertheless, "[t]he appellate court will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review." RAP 2.4(b). RAP 2.4(b) does not, however, revive a final order that has not been appealed. *Kelsey v. Kelsey*, 179 Wn. App. 360, 369, 317 P.3d 1096 (2014).

A previous order "prejudicially affects the order designated in the notice of appeal if the order appealed cannot be decided without considering the merits of the previous order." *Right-Price Recreation, LLC v. Connells Prairie Cmty. Council*, 105 Wn. App.

4

813, 819, 21 P.3d 1157 (2001). This requires a nexus between the orders beyond the filing of the order on appeal being predicated on the filing of the previous order. *Id.* Rather, the issues in the orders "must be so entwined that to resolve the order appealed, the court must consider the order not appealed." *Id.*

Here, Sean timely appealed the Order Imposing Jail Time. However, Sean assigns error in his opening brief to the prior discovery orders, contempt orders, and the order denying his motion to vacate. Sean also claims due process violations. Sean failed to timely appeal the December 3, December 24, and March 19 orders. He also failed to appeal the order denying his motion to vacate. Sean now seeks review of these orders under the guise of his timely appeal of the Order Imposing Jail Time. Sean fails to address RAP 2.4(b) or to present argument as to how the court's previous contempt orders prejudicially affected the Order Imposing Jail Time. Thus, we decline review of claimed errors related to orders that were not timely appealed. *See In re Marriage of Maxfield*, 47 Wn. App. 699, 702-03, 737 P.2d 671 (1987).

Turning to Sean's timely appeal of the Order Imposing Jail Time, we will generally not review an issue on appeal if it is moot. RAP 18.9(c). An appeal is moot if the issue is "'purely academic'" such that we are unable to provide effective relief. *City of Sequim v. Malkasian*, 157 Wn.2d 251, 258, 138 P.3d 943 (2006) (internal quotation marks omitted) (quoting *Grays Harbor Paper Co. v. Grays Harbor County*, 74 Wn.2d 70, 73, 442 P.2d 967 (1968)). Although we do not generally review moot issues, we may

5

exercise our discretion to decide an issue when there is a substantial and continuing public interest. *Dzaman v. Gowman*, 18 Wn. App. 2d 469, 476, 491 P.3d 1012 (2021).

Three factors are considered in determining whether a case involves an issue of substantial and continuing public interest: "'(1) whether the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur.'" *In re Marriage of Horner*, 151 Wn.2d 884, 892, 93 P.3d 124 (2004) (quoting *Westerman v. Cary*, 125 Wn.2d 277, 286-87, 892 P.2d 1067 (1994)). This exception applies "in cases dealing with constitutional interpretation, the validity of statutes or regulations, and matters that are sufficiently important to the appellate court" but not in matters that are limited to their specific facts. *State v. Beaver*, 184 Wn.2d 321, 331, 358 P.3d 385 (2015).

Sean was released from jail on April 23, 2025. We are therefore unable to provide Sean with effective relief from the consequences of the Order Imposing Jail Time. As such, the matter is moot. Moreover, this issue does not present a question of continuing and substantial public interest because it is limited to the specific facts of this case. Thus, we dismiss Sean's appeal of the Order Imposing Jail Time.

Lori requests an award of attorney fees against Sean for filing this frivolous appeal. We decline her request.

Under RAP 18.9(a), this court may order a party who files a frivolous appeal or who fails to comply with the rules of appellate procedure to pay compensatory damages

to a party who was harmed as a result or to pay sanctions to the court. Attorney fees and costs may be awarded as sanctions when a party files a frivolous appeal. *Granville Condo. Homeowners Ass'n v. Kuehner*, 177 Wn. App. 543, 556, 312 P.3d 702 (2013). An appeal is frivolous "if no debatable issues are presented upon which reasonable minds might differ, and it is so devoid of merit that no reasonable possibility of reversal exists." *Chapman v. Perera*, 41 Wn. App. 444, 455-56, 704 P.2d 1224 (1985).

Here, Sean failed to appeal the orders he dedicated the entirety of his opening brief to, and the order he did timely appeal is moot. In his briefs, Sean cites cases in support of his arguments, but misstates many of the propositions of those cases, cites inapplicable case law, and cites nonexistent cases.[2] Notwithstanding Sean's rule-based violations, we dismiss his appeal as moot based on the reasons stated above, not based on his failure to present debatable issues. *See Boyles v. Dep't of Ret. Sys.*, 105 Wn.2d 499, 507, 716 P.2d 869 (1986). Thus, we decline Lori's request for an award of attorney fees.

CONCLUSION

We decline review of Sean's claimed errors related to the trial court's contempt orders, discovery orders, and its order denying his motion to vacate. We dismiss Sean's

---

[2] The cases cited by Sean that are nonexistent are *Burke v. City of Seattle*, 168 Wash. 187 (1932), and *In re Marriage of Guffin*, 190 Wn. App. 389, 360 P.3d 818 (2015).

No. 41215-6-III
*In re the Marriage of Young*

appeal of the Order Imposing Jail Time as the issue is moot. Lastly, we deny Lori's request for attorney fees.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Cooney, A.C.J.

WE CONCUR:

Murphy, J.

Hill, J.